# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., <br><br> Appellant, <br><br> v. <br><br> LISA MARIE CHONG, LENARD E. SCHWARTZER, BANKRUPTCY TRUSTEE, *et al*., <br><br> Appellees. | Dist. Ct. Case No. 2:09-CV-00661-KJD-LRL <br><br> Bankr. Ct. Case No. BK-S-07-16645-LBR <br><br> **ORDER** |

      Presently before the Court is Appellant's Appeal under 28 U.S.C. § 158(a) from the Bankruptcy Court's Order Denying Motion to Lift Stay entered in the Adversary Proceeding No. BK-S-07-16645-LBR, docket no. 49, March 31, 2009. Having considered the briefs and the record on appeal, including the arguments of parties at the consolidated hearing on November 10, 2009, the Court affirms the Order of the Bankruptcy Court.

<u>I.  Procedural History and Facts</u>

      On April 14, 2009, Appellant Mortgage Electronic Registration Systems, Inc. ("MERS") filed Notice of Appeal (#1) appealing the Bankruptcy Court's order denying Appellant's motion for relief

from stay. This appeal is one of approximately eighteen (18) similar cases in which the Bankruptcy Court ruled that Appellant lacked standing to bring the motion.

In the underlying bankruptcy action, MERS filed its Motion for Relief from Stay ("the Motion") pursuant to Federal Rule of Bankruptcy Practice ("Rule") 4001 on January 14, 2008 seeking to have the automatic stay lifted so that MERS could conduct a non-judicial foreclosure sale on debtor's real property because the debtor lacked the ability to make payments and could not provide adequate security. Trustee Lenard E. Schwartzer ("Trustee") filed objections to the Motion claiming that MERS did not have standing as a real party in interest under the Rules to file the motion. (Appellant's Appendix ("Appx.") Doc. No. 12, p. 34). In response, Appellant filed the Declaration of Faatima Straggans, an employee of Homecomings Financial, LLC the authorized servicing agent for MERS, attempting to authenticate a copy of the original Deed of Trust ("Deed") and Note. (Appx. 36–38). The Deed described MERS as beneficiary and identified MERS as the nominee of the original lender, FMC Capital LLC. *Id.* However, the Declaration identified neither the current owner of the beneficial interest in the Note, nor any of the successors or assignees of the Deed of Trust. The Declaration also failed to assert that MERS, FMC Capital LLC or Homecomings Financial, LLC held the Note.

Due to the similar issues raised regarding motions for relief from stay in approximately twenty-seven (27) cases involving MERS, the Bankruptcy Court set a joint hearing for all twenty-seven cases. (Appx. 113–18). The Bankruptcy Court also ordered consolidated briefing for all cases to be filed in Case No. 07-16226-LBR, *In re Mitchell*, the "lead case". *Id.* In a majority of the cases, including the present case, Appellant attempted to withdraw the Motion but was procedurally unable to do so, because the Trustee would not consent. (Appx. 1383, 1902-1904, 1907-1909). MERS informed the Bankruptcy Court that it had attempted to withdraw the Motion, because it had been filed contrary to its own corporate procedures. (Appx. 432). Particularly in this case, MERS was unable to show that a MERS Certifying Officer was in physical possession of the Note at the time the Motion was filed. (Appx. 624).

2

A final hearing was held on August 19, 2008. (Appx. 650-729). On March 31, 2009, the Bankruptcy Court issued Memorandum Opinions and Orders denying MERS' motions for relief from stay in *Mitchell* and two other cases. (Appx. 740-54, 1581-95, 1959-72). In the remaining cases, including the present case, the Bankruptcy Court denied the motions for relief from stay by incorporating the reasoning from the *Mitchell* Memorandum Opinion. (Appx.46).

The Bankruptcy Court held that MERS lacked standing because it was not a real party in interest as required by the Rules. (Appx. 740-54). Specifically, the court found that "[w]hile MERS may have standing to prosecute the motion in the name of its Member as nominee, there is no evidence that the named nominee is entitled to enforce the note or that MERS is the agent of the note's holder." (Appx. 753). The court further held that MERS' asserted interest as beneficiary under the contract terms did not confer standing because MERS had no actual beneficial interest in the note and, therefore, was not a beneficiary. (Appx. 745-48).

MERS now appeals that order asserting that the Bankruptcy Court erred as a matter of law when it determined that MERS may not be a beneficiary under the deeds of trust at issue in the eighteen consolidated cases where the express language of the deeds of trust provide that MERS is the beneficiary. The Trustee continues to assert that MERS lacks standing because it is not a real party in interest.

II.  Standard of Review

This Court has jurisdiction pursuant to 28 U.S.C. § 158(a) and reviews the Bankruptcy Court's findings under the same standard that the court of appeals would review a district court's findings in a civil matter. 28 U.S.C. § 158(c)(2). Therefore, the Court reviews the Bankruptcy Court's factual findings under a clearly erroneous standard, and conclusions of law *de novo*. *See In re Healthcentral.com*, 504 F.3d 775, 783 (9th Cir. 2007); *In re First Magnus Fin. Corp.*, 403 B.R. 659, 663 (D. Ariz. 2009).

III.  Analysis

This appeal arises from eighteen cases in which MERS filed motions for relief from stay in the Bankruptcy Court.  In each case, either a party or the Bankruptcy Court raised the issue of whether MERS had standing to bring the motion.  In holding that MERS did not have standing as the real party in interest to bring the motion for relief from stay, the Bankruptcy Court determined that MERS was not a beneficiary in spite of language that designated MERS as such in the Deed of Trust at issue.  MERS seeks to overturn the Bankruptcy Court's determination that it is not a beneficiary.  However, the Court must affirm the Bankruptcy Court's order under the facts presented because MERS failed to present sufficient evidence demonstrating that it is a real party in interest.

A motion for relief from stay is a contested matter under the Bankruptcy Code.  *See* Fed. R. Bankr. P. 4001(a); 9014(c).  Bankruptcy Rule 7017 applies in contested matters.  Rule 7017 incorporates Federal Rule of Civil Procedure 17(a)(1) which requires that "[a]n action must be prosecuted in the name of the real party in interest."  *See also*, *In re Jacobson*, 402 B.R. 359, 365-66 (Bankr. W.D. Wash. 2009); *In re Hwang*, 396 B.R. 757, 766-67 (Bankr. C.D. Cal. 2008).  Thus, while MERS argues the bankruptcy court erred when it determined that MERS was not a beneficiary under the deeds of trust, MERS only has standing in the context of the motion to lift stay under the Rules if it is the real party in interest.  *See* Fed. R. Bankr. P. 7017.

Since MERS admits that it does not actually receive or forfeit money when borrowers fail to make their payments, MERS must at least provide evidence of its alleged agency relationship with the real party in interest in order to have standing to seek relief from stay.  *See Jacobson*, 402 B.R. at 366, n.7 (quoting *Hwang*, 396 B.R. at 767 ("the right to enforce a note on behalf of a noteholder does not convert the noteholder's agent into a real party in interest")).  An agent for the purpose of bringing suit is "viewed as a nominal rather than a real party in interest and will be required to litigate in the name of his principal rather than his own name."  *Hwang*, 396 B.R. at 767.  This is particularly important in the District of Nevada where the Local Rules of Bankruptcy Practice require parties to communicate in good faith regarding resolution of a motion for relief from stay before it is

4

filed. LR 4001(a)(3). The parties cannot come to a resolution if those with a beneficial interest in the note have not been identified and engaged in the communication.

In the context of a motion for relief from stay, the movant, MERS in this case, bears the burden of proving it is a real party in interest. *In re Wilhelm*, 407 B.R. 392, 400 (Bankr. D. Idaho 2009)(citing *In re Hayes*, 393 B.R. 259, 267 (Bankr. D.Mass. 2008)("To have standing to seek relief from the automatic stay, [movant] was required to establish that it is a party in interest and that its rights are not those of another entity")). Initially, a movant seeking relief from stay may rely upon its motion. *Id.* However, if a trustee or debtor objects based upon standing, the movant must come forward with evidence of standing. *Id.*; *Jacobson*, 402 B.R. at 367 (requiring movant at least demonstrate who presently holds the note at issue or the source of movant's authority).

Instead of presenting the evidence to the Bankruptcy Court, MERS attempted to withdraw the Motion from the Bankruptcy Court's consideration, citing the failure of a MERS Certifying Officer to demonstrate that a member was in physical possession of the promissory note at the time the motion was filed.[1] The only evidence provided by MERS was a declaration that MERS had been identified as a beneficiary in the deed of trust and that it had been named nominee for the original lender. Since MERS provided no evidence that it was the agent or nominee for the current owner of the beneficial interest in the note, it has failed to meet its burden of establishing that it is a real party in interest with standing. Accordingly, the order of the Bankruptcy Court must be affirmed.

This holding is limited to the specific facts and procedural posture of the instant case. Since the Bankruptcy Court denied the Motion without prejudice nothing prevents Appellant from refiling the Motion in Bankruptcy Court providing the evidence it admits should be readily available in its system. The Court makes no finding that MERS would not be able to establish itself as a real party in interest had it identified the holder of the note or provided sufficient evidence of the source of its authority.

---

[1] In other cases movant did not seek to withdraw the Motion, but similarly produced no evidence that it held the note or acted as the agent of the noteholder.

IV.  Conclusion

Accordingly, **IT IS HEREBY ORDERED** that the Order of the Bankruptcy Court entered March 31, 2009 is **AFFIRMED**.

DATED this 4th day of December 2009.

_____
Kent J. Dawson
United States District Judge